The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District P.O. Box 8 218 E. 2nd St. South Prescott, AR 71857
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney Danny P. Rodger's request for an opinion on the following question:
 May a member of the Lewisville City Council, which sets the salary of the Lewisville Municipal Judge and the Lewisville Chief of Police, also serve as a bondsman, or an agent for a bonding company, and write bail bonds returnable to the Lewisville Municipal Court?
It is my opinion that the answer to your question is, generally, "yes."
My research indicates no general prohibition against the conduct you describe. There appears to be nothing in the relevant Arkansas law governing the licensure of bail bondsmen which would prohibit a city council member from engaging in the bond business. See A.C.A. §§ 17-17-101—306 (Repl. 1992). Similarly, I find no general prohibition in the relevant Arkansas law governing the qualification of city councilmen. See generally
A.C.A. §§ 14-43-301—317 (1987).[1]
Reference should, however, be made to A.C.A. § 21-8-304 (1987), which provides that:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
Although it is somewhat unclear, this provision may be applicable to city council members and, under certain facts, call into question the conduct of a city council person who is also a bondsman. This determination must be made, however, on a case-by-case basis with the particular factual circumstances in mind.
My research has indicated no other state laws which would prevent a city council member from serving as a bondsman or an agent for a bonding company. Accordingly, it is my opinion that such service, in itself, does not create an unlawful conflict of interest. Reference should be made as well, however, to any relevant city ordinances on the topic.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A.C.A. § 14-42-107, which prohibits council members from being interested in the profits of contracts for services to the municipality, does not appear to be applicable because the bail bondsman would be conducting business not with the municipality, but with individual parties who seek his services.